# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EZEQUIEL RAMIREZ<br>4811 North Capitol Street, Apt. 302<br>Washington, DC 20011<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TOP CHEF, INC.<br>d/b/a WOK N' ROLL RESTAURANT<br>2400 18th Street NW<br>Washington, DC 20009<br><br>YUN-CHIN NG<br>a/k/a YUN CHIN NG<br>a/k/a YUNCHIN NG<br>3913 8th Street S.<br>Arlington, VA 22204<br><br>VICTOR R. QUINTO<br>3913 8th Street S.<br>Arlington, VA 22204<br><br>　　　　　Defendants. | Civil Action No. _____<br><br>**COMPLAINT** |

## COMPLAINT

### Introduction

1. Defendants own and operate a restaurant in Washington, DC. Defendants employed Plaintiff as a kitchen hand. Defendants paid Plaintiff a flat salary that resulted in a sub-minimum wage and a denial of overtime compensation.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code § 32-1001 *et seq.*, and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq*.

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because one or more Defendants reside in this district, and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5. Plaintiff is an adult resident of the District of Columbia.

6. Defendant Top Chef, Inc. is a District of Columbia corporation. It does business as "Wok N' Roll Restaurant." The business has two locations: 2400 18th Street NW, Washington, DC 20009; and 604 H Street NW, Washington, DC 20001. Its resident agent is Defendant Yun-Chin Ng ("Ng").

7. Defendant Ng is an adult resident of Virginia. She works in "Wok N' Roll" and exercised authority over Plaintiff's work schedule, work assignments and compensation. Defendant Ng resides at 3913 8th Street S., Arlington, VA 22204.

8. Defendant Victor Quinto ("Quinto") is an adult resident of the District of Columbia. He works in "Wok N' Roll" and exercised authority over Plaintiff's work schedule, work

assignments and compensation. Defendant Victor Quinto resides at 3913 8th Street S., Arlington, VA 22204.

9. Defendants Ng and Quinto are spouses. Together, they exercise exclusive control over the operations and pay practices of "Wok N' Roll."

## Factual Allegations

10. Defendants own and operate "Wok N' Roll," a restaurant in Washington, DC.

11. Defendants employed Plaintiff in Defendants' restaurant at 2400 18th Street NW, Washington, DC 20009.

12. Defendants employed Plaintiff from approximately April 3, 2015 through approximately August 25, 2015.

13. Plaintiff was employed in Defendants' restaurant as a kitchen hand. His duties included cleaning, dishwashing, and basic food preparation.

14. Plaintiff's typical work schedule was as follows:

| Monday | 11:00 a.m. – 10:30 p.m. | Break: None | 11.5 Hours Worked |
|---|---|---|---|
| Tuesday | 11:00 a.m. – 10:30 p.m. | Break: None | 11.5 Hours Worked |
| Wednesday | 11:00 a.m. – 10:30 p.m. | Break: None | 11.5 Hours Worked |
| Thursday | OFF | | |
| Friday | 11:00 a.m. – 11:30 p.m. | Break: None | 12.5 Hours Worked |
| Saturday | 11:00 a.m. – 11:30 p.m. | Break: None | 12.5 Hours Worked |
| Sunday | 11:00 a.m. – 10:30 p.m. | Break: None | 11.5 Hours Worked |
| | | | **Total: 71.0 Hours Worked** |

15.Defendants paid Plaintiff a salary of $900.00 twice a month.

16.Defendants paid Plaintiff on approximately the 1st and the 15th of every month.

17.Defendants paid Plaintiff in cash, with no accompanying paystub.

18.Defendants tendered the cash to Plaintiff in envelopes from Bank of America.

19.Plaintiff's salary resulted in a pay rate of approximately $5.85 per hour across all hours worked.

20.For the period of time from August 15, 2015 through August 25, 2015, Defendants only paid Plaintiffs $480.00.

21.Plaintiff never received overtime compensation for any of his overtime hours.

22.Throughout Plaintiff's employment, the federal minimum wage was $7.25 per hour.

23.The District of Columbia's minimum wage was $8.25 from 2010 through June 30, 2014, $9.50 per hour from July 1, 2014 through June 30, 2015, and $10.50 per hour from July 1, 2015 through the present.

24.At all relevant times, federal and District of Columbia law required Defendants to pay Plaintiff one and one-half times the minimum wage for all hours worked over 40 in any one workweek.

25.Defendants owe Plaintiff approximately **$9,420.23** in minimum and overtime wages.

26.At all relevant times, Defendants had more than two employees, and the annual gross volume of defendants' business exceeded $500,000.00.

27. At all relevant times, Plaintiff handled goods and/or materathat had travelled or been produced for interstate commerce.

28. At all relevant times, Defendants had the power to fire Plaintiff.

29. At all relevant times, Defendants had the power to control Plaintiff's work schedules.

30. At all relevant times, Defendants had the power to set Plaintiff's rate of pay.

31. At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, or of how much Plaintiff was paid for his work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to Plaintiff will only be known through discovery.

32. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the District of Columbia and federal minimum wage.

33. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 hours in any one workweek.

34. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages that Plaintiff was legally due.

## COUNT I
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

35. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

36. The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

37. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

38. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

39. Defendants violated the FLSA by knowingly failing to pay the required minimum wage to Plaintiff.

40. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times the required minimum wage for hours worked in excess of 40 hours in any one workweek.

41. Defendants' violations of the FLSA were willful.

42. For their violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum wage and overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

43. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

44. The DCMWA required that employers pay non-exempt employees at least $8.25 per hour from 2010 through June 30, 2014, $9.50 per hour from July 1, 2014 through June 30, 2015, and $10.50 per hour from July 1, 2015 through the present. D.C. Code § 32-1003(a).

45. The DCMWA also requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

46. Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

47. Defendants violated the DCMWA by knowingly failing to pay Plaintiff one and one-half times the required minimum wage for hours worked in excess of 40 hours in any one workweek.

48. Defendants' violations of the DCMWA were willful.

49. For their violations of the DCMWA, Defendants are liable to Plaintiff for unpaid minimum wage and overtime compensation, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY WAGES UNDER THE DCWPCL

50. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

51. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

52. For purposes of the DCWPCL, "wages" include, among other things, both minimum and overtime wages. D.C Code § 32-1301(3).

53. Defendants violated the DCWPCL by knowingly failing to pay Plaintiff all wages earned, including minimum and overtime wages.

54. Defendants' violations of the DCWPCL were willful.

55. For their violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against all Defendants, jointly and severally, on all counts, and grant the following relief:

a. Award Plaintiff **$37,680.92**, consisting of the following overlapping elements:

   i. unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii. unpaid District of Columbia minimum and overtime wages, plus three times the amount of unpaid minimum and overtime wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012b(b)(1);

   iii. unpaid wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law.

    c.      Award Plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

    d.      Award Plaintiff court costs; and

    e.      Award any additional relief the Court deems just.

Date: 09/08/2015　　　　　　　　　　　　　Respectfully submitted,

<u>/s/ Justin Zelikovitz, Esq.</u>
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*